UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

JCK LEGACY COMPANY,

               Debtor,

ALBERTO COLT-SARMIENTO,

               Appellant,

*-against-*

YALE SCOTT BOGEN,

               Appellee.

**ORDER**
25 Civ. 3727

Ramos, D.J.:

       Appellant Alberto Colt-Sarmiento, who is appearing *pro se*, filed the instant appeal on May 5, 2025, seeking review of a March 21, 2025 Bankruptcy Court order denying his motion to amend, reconsider, or obtain relief from a previous Bankruptcy Order disallowing his proof of claim. *See* Doc. 1 at at 5–6. On August 7, 2025, Mr. Colt-Sarmiento filed a request that this Court waive the filing fee for the appeal and appoint *pro bono* counsel. Doc. 4.

       Based on Mr. Colt-Sarmiento's incarcerated status, leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915.

       Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent

litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's Pro Bono Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62). Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

At this stage in the proceedings, the Court is unable to conclude that Mr. Colt-Sarmiento's claims are likely to have merit, although naturally that may change as the litigation progresses. Accordingly, Mr. Colt-Sarmiento's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case.

SO ORDERED.

Dated: August 12, 2025
        New York, New York

                                                _____
                                                EDGARDO RAMOS, U.S.D.J.

2