UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

JCK LEGACY COMPANY,

                                    Debtor.

_____

ALBERTO COLT-SARMIENTO,

                            Appellant,

        – against –

YALE SCOTT BOGEN, *in his capacity
as Successor trustee of the JCK Legacy
GUC Recovery Trust*,

                            Appellee.

**OPINION & ORDER**

25-cv-3727 (ER)

RAMOS, D.J.:

Alberto Colt-Sarmiento appeals the denial of his motion by the United States

Bankruptcy Court for the Southern District of New York's (the "Bankruptcy Court") to

reopen the record or reconsider its previous order disallowing his proof of claim.  Doc. 1.

Before the Court is Yale Scott Bogen's motion to dismiss the appeal.  Doc. 6.  For the

reasons set forth below, the motion is GRANTED.

I.      **BACKGROUND**

Colt-Sarmiento filed a proof of claim in JCK Legacy GUC Recovery Trusts'

bankruptcy action before the Bankruptcy Court on August 7, 2020.[1]  Bankr. Doc. 754.

Colt-Sarmiento sought damages due to alleged defamation by one of the debtors, the

Tacoma News Tribune newspaper, in a 2018 article.  *Id.*; *see* Bankr. Doc. 1407.  On

---

[1] This opinion refers to docket entries from the bankruptcy action, *In re: JCK Legacy Company, et al.*, No.
20-10418 (MEW), as "Bankr. Doc.," and to docket entries from the instant appeal as "Doc."

September 7, 2022, the Bankruptcy Court entered a decision and order disallowing his proof of claim. Bankr. Docs. 1522–23 (the "September 2022 Order"). On February 28, 2025, Colt-Sarmiento filed a motion to reopen the record or reconsider the September 2022 Order. Bankr. Doc. 1603. On March 21, 2025, the Bankruptcy Court denied Colt-Sarmiento's motion. Bankr. Doc. 1606 ("the March 2025 Order"). On April 8, 2025, Colt-Sarmiento filed a notice of appeal with the Bankruptcy Court. Bankr. Doc. 1612.

Colt-Sarmiento, incarcerated and proceeding *pro se* and *in forma pauperis*, filed the instant appeal on May 5, 2025, seeking review of the March 2025 Order. *See* Doc. 1. On June 27, 2025, the Court issued an order setting a briefing schedule and directing Colt-Sarmiento to file his opening brief by July 28, 2025. Doc. 3. He failed to do so.

On August 22, 2025, Bogen filed a motion to dismiss the appeal due to the failure of Colt-Sarmiento to abide by the Court-imposed deadline or, in the alternative, to stay Bogen's deadline to oppose Colt-Sarmiento's opening brief. Docs. 6, 7. Bogen argued that Colt-Sarmiento: (1) failed to file a designation and statement of issues before the deadline imposed by Fed. R. Bankr. P. 8009(a)(1); and (2) failed to file an opening brief by the Court-imposed deadline. Doc. 7.

On August 25, 2025, the Court extended the deadline to file these documents until September 24, 2025, and warned Colt-Sarmiento that failure to meet the new deadline would result in the appeal being dismissed. Doc. 8. On September 16, 2025, Colt-Sarmiento wrote the Court asking for an extension due to delays receiving mail while incarcerated. Doc. 10. Accordingly, the Court extended the deadline until October 24, 2025. Doc. 12. Again, Colt-Sarmiento failed to file a designation and statement of issues or an opening brief by the deadline.

On October 31, 2025, Bogen wrote the Court, requesting that the Court grant Bogen's motion to dismiss, Doc. 6, given Colt-Sarmiento's continued failure to file a designation and statement as well as an opening brief. Doc. 13.

On November 7, 2025, Colt-Sarmiento's designation and statement was docketed, and on November 10, 2025, his certificate of service for the designation and statement was docketed. Docs. 14, 15. While both documents were received by the Pro Se Office of the Southern District of New York on November 7, 2025, Colt-Sarmiento's certificate of service is dated October 24, 2025. *Id.* On November 17, 2025, the Court issued an order stating that the designation and statement would be considered timely; extending Colt-Sarmiento's deadline to file his opening brief until December 11, 2025; and warning Colt-Sarmiento that a failure to meet this deadline may result in the appeal being dismissed. Doc. 16. Colt-Sarmiento again failed to meet the deadline.

On December 15, 2025, Bogen wrote the Court, renewing his request that the appeal be dismissed. Doc. 17.

## II.    DISCUSSION

Bogen requests that the Court uses its discretion to dismiss Colt-Sarmiento's appeal because Colt-Sarmiento failed to timely file a opening brief.[2] Doc. 7 at 9.

"Unless the District Court . . . sets a different time . . . the appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically." Fed. R. Bankr. P. 8018(a). Where an appellant "fails to file a brief on time or within an extended time authorized . . . , the district

---

[2] In the initial motion to dismiss filed on August 22, 2025, Bogen additionally argues that the Court should dismiss the appeal because Colt-Sarmiento failed to timely file and serve a designation and statement. Doc. 7 at 9. However, Colt-Sarmiento has since filed his designation and statement, Doc. 14, which the Court treats as timely filed, *see* Doc. 16. Accordingly, this argument is moot.

court . . . may—on its own after notice or on the appellee's motion–dismiss the appeal."

Fed. R. Bankr. P. 8018(a)(4); *see also In re Futterman*, No. 99 Civ. 8793 (DAB), 2001

282716, at *3 (S.D.N.Y. Mar. 21, 2001) (indicating that "where the Appellant's failure to

file a brief is at issue, the Court must use its 'discretion to determine whether dismissal is

appropriate in the circumstances'") (quoting *In re MacInnis*, 98 Civ. 2894, 1998 WL

409726, at *3 (S.D.N.Y.1998)).

Where a party in a bankruptcy proceeding fails to abide by court-imposed

deadlines, the court may extend the deadlines if "the failure to act resulted from

excusable neglect." Fed. R. Bankr. P. 9006(b)(1)(B); *see also Pioneer Investment*

*Services v. Brunswick Associates LP,* 507 U.S. 380, 388 (1993) (indicating that courts are

"permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or

carelessness, as well as by intervening circumstances beyond the party's control"). The

burden of proving excusable neglect is on the party seeking the extension. *In re Enron*

*Corp.*, 419 F.3d at 121. When assessing whether excusable neglect exists, courts

consider the four factors set forth by the Supreme Court in *Pioneer*: "(1) the danger of

prejudice to the debtor, (2) the length of the delay and its potential impact on judicial

proceedings, (3) the reason for the delay, including whether it was within the reasonable

control of the movant, and (4) whether the movant acted in good faith." *In re Enron*

*Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (citing *Pioneer*, 507 U.S. at 395). However, the

*Pioneer* factors do not carry equal weight, and the Second Circuit "focuse[s] on the third

factor: the reason for the delay, including whether it was within the reasonable control of

the movant." *Id.* (internal quotation marks omitted). "[F]ailure to follow the clear

dictates of a court rule will generally not constitute [] excusable neglect." *In re Lynch*,

430 F.3d 600, 604 (2d Cir. 2005) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51 (2d Cir. 1997)).

The Second Circuit has cautioned that, "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99 Civ. 4976, 2008 WL 199469, at \*3 (S.D.N.Y. Jan. 22, 2008).

Colt-Sarmiento has failed to abide by the deadlines imposed by the Court. According to the initial briefing schedule, the opening brief should have been filed by July 28, 2025.  Doc. 3; *see* Fed. R. Bankr. P. 8018(a)(4).  Cognizant that Colt-Sarmiento is proceeding *pro se* and is incarcerated, the Court extended the deadline multiple times: *sua sponte* on August 25, 2025, Doc. 8; in response to Colt-Sarmiento's request on September 17, 2025, Doc. 12; and *sua sponte* again on November 17, 2025, Doc. 16. Further, the Court twice warned Colt-Sarmiento that failure to file his opening brief according to the Court-imposed deadlines could result in dismissal of his appeal.  *See* Docs. 8, 16.  However, Colt-Sarmiento's latest deadline passed on December 11, 2025, and to date, Colt-Sarmiento has not filed an opening brief.  *See* Doc. 16.  Accordingly, the Court has discretion to dismiss the instant appeal unless Colt-Sarmiento has shown "excusable neglect."  Fed R. Bankr. P. Fed. R. Bankr. P. 9006(b)(1).

Colt-Sarmiento has failed to demonstrate excusable neglect.  In determining if a party has shown excusable neglect, courts in the Second Circuit principally look to the third *Pioneer* factor:  the "reason for the delay, including whether it was within the

reasonable control" of the delayed party. *See In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005). While on September 16, 2025, Colt-Sarmiento requested that his filing deadline be extended to October 24, 2025, due to delays receiving mail while incarcerated, *see* Doc. 10, since that date, Colt-Sarmiento has not requested additional extensions, nor provided any explanations as to why he failed to timely file his opening brief after October 24, 2025. Without further justification from Colt-Sarmiento, the Court finds that he has failed to demonstrate excusable neglect. Accordingly, the Court uses its discretion to dismiss Colt-Sarmiento's appeal.

## III.    CONCLUSION

For the reasons set forth above, Bogen's motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 6, and close the case.

It is SO ORDERED.

Dated:    December 22, 2025
          New York, New York

_____
          Edgardo Ramos, U.S.D.J.

6