UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

JCK LEGACY COMPANY,

                                  Debtor.

ALBERTO COLT-SARMIENTO,

                    Appellant,

        – against –                                    **ORDER**

YALE SCOTT BOGEN, *in his capacity*                25-cv-3727 (ER)
*as Successor trustee of the JCK Legacy*
*GUC Recovery Trust*,

                    Appellee.

RAMOS, D.J.:

Alberto Colt-Sarmiento, incarcerated and proceeding *pro se* and *in forma pauperis*, filed the instant appeal on May 5, 2025, seeking review of a March 21, 2025 order from the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *See* Doc. 1. On June 27, 2025, the Court issued an order setting a briefing schedule and directing Colt-Sarmiento to file his opening brief by July 28, 2025. Doc. 3. He failed to do so.

On August 22, 2025, Yale Scott Bogen filed a motion to dismiss the appeal due to the failure of Colt-Sarmiento to abide by the Court-imposed deadline or, in the alternative, to stay Bogen's deadline to oppose Colt-Sarmiento's opening brief. Docs. 6, 7. Bogen argued that Colt-Sarmiento: (1) failed to file a designation and statement of issues before the deadline imposed by Fed. R. Bankr. P. 8009(a)(1); and (2) failed to file an opening brief by the Court-imposed deadline. Doc. 7.

On August 25, 2025, the Court extended the deadline to file these documents *sua sponte* until September 24, 2025, and warned Colt-Sarmiento that failure to meet the new deadline would result in the appeal being dismissed.  Doc. 8.  On September 16, 2025, Colt-Sarmiento wrote the Court asking for an extension due to delays receiving mail while incarcerated.  Doc. 10.  Accordingly, the Court extended the deadline until October 24, 2025.  Doc. 12.  Again, Colt-Sarmiento failed to file a designation and statement of issues or an opening brief by the new deadline.

On October 31, 2025, Bogen wrote the Court, requesting that the Court grant his motion to dismiss, Doc. 6, given Colt-Sarmiento's continued failure to file a designation and statement of issues as well as an opening brief.  Doc. 13.

On November 7, 2025, Colt-Sarmiento's designation and statement was docketed, and on November 10, 2025, his certificate of service for the designation and statement of issues was docketed.  Docs. 14, 15.  While both documents were received by the Pro Se Office of the Southern District of New York on November 7, 2025, Colt-Sarmiento's certificate of service is dated October 24, 2025.  *Id.*  On November 17, 2025, the Court issued an order stating that the designation and statement of issues would be considered timely, extending Colt-Sarmiento's deadline to file his opening brief until December 11, 2025, and warning Colt-Sarmiento that a failure to meet this deadline may result in the appeal being dismissed.  Doc. 16.  Colt-Sarmiento again failed to meet the deadline.

On December 15, 2025, Bogen wrote the Court, renewing his request that the appeal be dismissed.  Doc. 17.  On December 22, 2025, the Court granted Bogen's motion to dismiss, as Colt-Sarmiento had yet to file his opening brief, and closed the case.  Doc. 18.  On January 2, 2026, a letter from Colt-Sarmiento was docketed.  Doc. 20.

Though the letter is dated December 14, 2025, Doc. 20 at 9, it was marked received by the Pro Se Office of the Southern District of New York on December 30, 2025. *Id.* at 1. The letter begins by asking the Court what is currently happening with the instant case and why Bogen "never filed his position[.]" *Id.* On January 8, 2026, the Court excused Colt-Sarmiento's failure to meet the deadline to file an opening brief and reopened the case, because "the history of this case has made clear that communications between Colt-Sarmiento and the Court have been hampered by his incarceration." Doc. 21. The Court additionally directed Colt-Sarmiento to file an opening brief by February 16, 2026, otherwise his appeal would be dismissed. *Id.*

On January 21, 2026, a notice of appeal from Colt Sarmiento was docketed. Doc. 22. The notice indicates that it was written on January 8, 2026, the same day that the Court's order to reopen the case was issued. *Id.* at 4; Doc. 21. Based on the multiple-week delays in communications between the Court and Colt-Sarmiento during this case, it was apparent that, at the time of drafting the notice of appeal, Colt-Sarmiento had not received the Court's order to reopen the case.

On February 19, 2026, Colt-Sarmiento filed a notice of interlocutory appeal as to the Court's December 22 Order dismissing the case, a motion for extension of time to file a notice of appeal, and a motion for leave to proceed *in forma pauperis* on appeal. Docs. 23–25. Each of the documents is dated January 29, 2026. *Id.* The notice of appeal and appeal record were transmitted to the Second Circuit on February 20, 2026. *See* Docket Entries dated February 20, 2026. On February 24, 2026, the Second Circuit filed a notice in this case, stating that "the appeal may not move forward until the motion [to proceed *in forma pauperis*] is decided." Doc. 26.

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule.  It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)).  For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China National Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F.Supp.2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Colt-Sarmiento appeals from this Court's December 22, 2025 order dismissing the case for Colt-Sarmiento's failure to file an opening brief.  Doc. 23.  However, on January 8, 2026, the Court reopened the case, due to the fact that "the history of this case has made clear that communications between Colt-Sarmiento and the Court have been hampered by his incarceration." Doc. 21.  Therefore, because the order subject to appeal has been vacated, Colt-Sarmiento's notice of appeal is frivolous.[1]  Accordingly, this Court retains jurisdiction of this action.

---

[1] To the extent the Court's December 22, 2025 order is now a nonfinal order, as Colt Sarmiento is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is "premature"  and a "nullity."  *See, e.g.*, *Rodgers*, 101 F.3d at 252 (holding that notice of appeal from a nonfinal order did not divest the district court of jurisdiction); *Gortat v. Capala Bros.*, Inc., No. 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal." ).

Because Colt-Sarmiento's notice of appeal is frivolous, his motions to proceed *in forma pauperis* and his motion for extension of time to file an appeal are denied as moot.

Further, because it is clear that communication issues are still hampering the current litigation, the Court will extend Colt-Sarmiento's deadline to file an opening brief once again. However, as this Court has instructed previously, it is Colt-Sarmiento's obligation to file an opening brief detailing his legal arguments for appealing the March 2025 Bankruptcy Court order in the first instance. *See* Docs. 3, 8, 12, 16, 21. This is a separate document from the designation and statement of issues, which Colt-Sarmiento has already filed. *See* Doc. 14. Only after Colt-Sarmiento files an opening brief containing his legal arguments will Bogen respond to those arguments.

**Accordingly, Colt-Sarmiento is directed to file an opening brief by March 31, 2026.** If Colt-Sarmiento files his opening brief by the deadline, Bogen shall file any opposition by April 28, 2026, and Colt-Sarmiento shall file a reply by May 26, 2026. If Colt-Sarmiento does not file an opening brief, the appeal will be dismissed.[2]

The Clerk of Court is respectfully directed to terminate Colt-Sarmiento's motion to proceed *in forma pauperis*, Doc. 25, and his motion for an extension of time to file an appeal, Doc. 24. The Clerk of Court is also respectfully directed to transmit this order to the Court of Appeals.

---

[2] This Order constitutes the sixth time that the Court directed Colt-Sarmiento, in clear, unequivocal terms, to file an opening brief. *See* Docs. 3, 8, 12, 16, 21.

5

It is SO ORDERED.

Dated:   February 27, 2026
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

6